CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

May 30, 2024

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS RICHARDS, | ) |
| | ) |
| Plaintiff, | ) Case No. 5:24-cv-034 |
| | ) |
| v. | ) By:   Michael F. Urbanski |
| | ) Chief United States District Judge |
| X.CORP and ELON MUSK, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On May 24, 2024, plaintiff Thomas Richards filed an ex parte motion for a temporary restraining order ("TRO") and preliminary injunction against defendants "X.Corp" ("X") and Elon Musk, X's CEO. Pl's Mot., ECF No. 1. Richards alleges, through counsel, that he has been conducting research that is "critically important in helping stop a horrible worldwide conspiracy"—the same conspiracy that killed President John F. Kennedy in 1963. Pl.'s Br. Supp., ECF No. 1-24, at 2. He asserts that X, the social media platform formerly called Twitter, has "shadowbanned"[1] his posts about the conspiracy and about his religious beliefs, which not only infringes his freedoms of religion and speech, but also puts his personal safety at risk because people who "speak[] out about a worldwide conspiracy . . . are often killed," and the "main way to protect oneself is to make sure such information is very public, so the wrongdoers cannot operate in secret." Id. at 3. He argues that the risk to his safety, along with the damage to his constitutional rights, are irreparable injuries that necessitate a TRO. Pl.'s

---

[1] Richards explains in briefing that shadowbanning "refers to someone's social media account or account content being blocked or limited, without warning or notice, so that the person often does not know they are being blocked." Pl.'s Br. Supp., ECF No. 1-24, at 3.

1

Mot., ECF No. 1, at 3. Filed with the motion is a brief in support and an "affidavit," which is an unsigned document titled "unfinished draft complaint." Pl.'s Br. Supp., ECF No. 1-24; aff., ECF No. 1-23, at 2.

Rule 3 of the Federal Rules of Civil Procedure instructs that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Rule 4 further requires that, on or after filing the complaint, a summons and a copy of the complaint must be served on each defendant. Fed. R. Civ. P. 4. Here, Richards attempts to initiate this action through a motion, ECF No. 1, and the only document on the docket that resembles a pleading is one that counsel for Richards clearly designates as an "unfinished draft complaint," which he filed as an "affidavit" in support of his motion for emergency injunctive relief, ECF No. 1-23. Even if Richards intended for that document to serve as his initial pleading, it cannot be accepted by the court as such because it is unsigned. See Fed. R. Civ. P. 11(a).

Accordingly, this action is **DISMISSED without prejudice** pending filing and service of a complaint pursuant to the Federal Rules of Civil Procedure. This action is stricken from the court's active docket and all pending motions are **DENIED** as moot.

It is **SO ORDERED**.

Entered: May 29, 2024

Michael F. Urbanski
Chief United States District Judge